UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN TANKESLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1058-JDT-cgc |
| | ) | |
| ARAMARK CORRECTIONAL | ) | |
| SERVICES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO AMEND (ECF No. 5),
DENYING MOTION FOR INJUNCTIVE RELIEF (ECF No. 6), AND
DENYING MOTIONS FOR STATUS AS MOOT (ECF Nos. 7 & 8)

The *pro se* prisoner Plaintiff, Calvin Tankesly, filed this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The case is undergoing screening in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A.

On April 18, 2018, Tankesly filed a motion to amend. (ECF No. 5.) He states that Defendant Monqie Skowronski, identified in the complaint as the dietitian for Aramark Correctional Services (Aramark), is actually the former dietitian. He requests leave to substitute the current dietitian, M. Slad, as the correct Defendant. That motion is GRANTED. The Clerk shall remove Monqie Skowronski as a Defendant and add M. Slad.

Tankesly was incarcerated at the Northwest Correctional Complex (NWCX) when the complaint was filed, and his claims arise out of events occurring at that facility. He also filed a motion seeking a temporary restraining order and preliminary injunction. (ECF No. 6.) Tankesly

asked the Court to order the Defendants, Aramark and various employees of Aramark and the NWCX, to provide him with a diet that complies with his medical restrictions, is nutritionally adequate, and contains foods that he is able to chew and swallow without difficulty and pain.

On January 14, 2019, Tankesly notified the Court he had been transferred from the NWCX to the Turney Center Industrial Complex in Only, Tennessee. (ECF No. 9.) Therefore, his request for injunctive relief is moot. *See Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Accordingly, the motion for a temporary restraining order and preliminary injunction is DENIED.

The docket sheet provided to Tankesly by the Clerk on February 20, 2019, and this order render his motions for status also MOOT. (ECF Nos. 7 & 8.)

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE